UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-Cr-Scola/Snow

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHEHERYAR ALAM QAZI,
    Defendant.
_____/

# DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO CALL ITS CASE AGENT TO TESTIFY FIRST AT TRIAL IN THE EVENT THE GOVERNMENT CALLS ITS CASE AGENT AS A WITNESS

Mr. Qazi, through undersigned counsel, files this motion and in support thereof states the following:

1. Mr. Qazi is charged by indictment with one count of conspiracy to provide material support to terrorists and one count of conspiring to use a weapon of mass destruction.

2. In *U.S. v. Valencia-Riascos*, 696 F. 3d 938, 939-940 (9th Cir. 2012), the defendant argued on appeal that the district court denied him due process of law by refusing to exclude a law enforcement officer from the courtroom who was the prosecution's main witness, by allowing that officer to sit at the prosecutor's table, *and by refusing to require the officer to testify first at trial*. The *Valencia-Riascos* Court affirmed the defendant's conviction and in doing so relied heavily upon Federal Rule of Evidence 615 which provides that:

> At a party's request, the court must order witnesses excluded *so that they cannot hear other witnesses' testimony.* Or the court may do so on its own. But this rule does not authorize excluding:

1

**(a)** a party who is a natural person;

**(b)** an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

**(c)** a person whose presence a party shows to be essential to presenting the party's claim or defense; or

**(d)** a person authorized by statute to be present.

Emphasis added.

The *Valencia-Riascos* Court observed that:

The advisory committee's notes from the Rule's 1972 proposal and 1974 enactment make clear that subsection (b) applies to investigative officers or "case agents" designated on behalf of the prosecution in criminal cases. Fed.R.Evid. 615 advisory committee's notes, 1972 Proposal ("As the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present. Most of the cases have involved allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness."); advisory committee's notes, 1974 Enactment ("Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion...." (citing S.Rep. No. 93-1277 (1974), 1974 U.S.C.C.A.N. 7051)).

*Valencia-Riascos*, 696 F. 3d at 941.

However, the final paragraph in *Valencia-Riascos* states that õ[i]n closing, we observe that it may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interferenceö (endnote omitted).

2

The reason why the *Valencia-Riascos* Court believed it would be a good practice to require a case agent witness to testify first was undoubtedly "so that [he or she] cannot hear other witnesses' testimony," *quoting* Federal Rule of Evidence 615, and then change his testimony to conform to evidence previously presented by the government.

The *Valencia-Riascos* Court also observed that "[d]efendant cites a Fourth Circuit case endorsing the idea that a case agent witness –'should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored.' *United States v. Frazier,* 417 F.2d 1138, 1139 (4th Cir.1969) (per curiam). But *Frazier* does not create a strict rule." *Valencia-Riascos,* 696 F. 3d at 943, note 4.

2. In *U.S. v. Frazier*, 417 F. 2d 1138, 1139 (4th Cir. 1969), the defendant argued on appeal that he was unfairly prejudiced when the lead case agent was allowed to be present in the courtroom when other prosecution witnesses testified. Although the Court affirmed Frazier's conviction, it stated that:

> This is not to say that when witnesses are sequestered from the courtroom, an FBI agent is automatically exempt from the order. The matter should not be decided routinely but in a genuine exercise of discretion, according to the attendant circumstances. Where the agent is the one in charge of the case and his presence is necessary, the court may permit him to remain although other witnesses are excluded. *In that case, if it is anticipated that the agent will be called as a witness he should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored.* This should be the order of presentation unless, in the judge's considered opinion, it would unduly break the continuity and seriously impair the coherence of the Government's proof. Of course, if the agent is permitted to remain in the courtroom and then rebuttal testimony from him is unexpectedly required, he should be given the opportunity to testify.

*Id*. (Emphasis added.)

3

3. In the present case, if the government calls its lead case agent as a witness at trial, then he or she should be called to testify first õso as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored.ö *Id*. The lead case agent should also be called to testify first so that he is not able, even inadvertently, to conform his testimony to evidence previously presented by the government.

4. Undersigned counsel contacted opposing counsel, Assistant U.S. Attorney Karen Gilbert, who stated that the government objects to the Court granting this motion.

Respectfully submitted,

/s Ronald S. Chapman
Ronald S. Chapman (Bar No. 898139)
ronchapman@bellsouth.net
400 Clematis Street, Suite 206
West Palm Beach, FL 33401
Tel (561) 832-4348
Fax (561) 832-4346
Attorney for Defendant

### Certificate of Service

Undersigned counsel certifies that on April 5, 2013 he electronically filed this motion with the Clerk of Court using CM/ECF.

/s Ronald S. Chapman
Ronald S. Chapman