# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 12 cr 723 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Adel Daoud is charged with attempting to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2)(D) and attempting to destroy a building by means of explosive in violation of 18 U.S.C. § 844(i). Daoud filed a motion for disclosure of Foreign Intelligence Surveillance Act of 1978 ("FISA") related material and to suppress the fruits or derivatives of electronic surveillance and any other means of collection conducted pursuant to FISA or other foreign intelligence gathering [51]. This Court heard oral argument on this, and other motions, on 1/3/2014.[1] For the reasons discussed below, the motion is granted in part and denied in part.

**FISA Procedures**

The Foreign Intelligence Surveillance Act of 1978, established detailed procedures governing the Executive Branch's ability to collect foreign intelligence information. To obtain an order authorizing electronic surveillance or physical searches of an agent of a foreign power, FISA requires the government to file under seal an *ex parte* application with the United States Foreign Intelligence Surveillance Court (the "FISC"). 50 U.S.C. §§ 1804, 1823. The application

---

[1] Unlike the Court's recent denial of discovery [87], which did not seek the discovery of classified information, the instant motion seeks disclosure of classified documents that are ordinarily not subject to discovery.

must be approved by the Attorney General and must include certain specified information. *See* 50 U.S.C. §§ 1804(a), 1823(a).

After review of the application, a single judge of the FISC will enter an *ex parte* order granting the government's application for electronic surveillance or a physical search of an agent of a foreign power, provided the judge makes certain specific findings. 50 U.S.C. §§ 1805(a), 1824(a). The FISA order must describe the target, the nature and location of the facilities or places to be searched, the information sought, and the means of acquiring such information. *See* 50 U.S.C. §§ 1805(c)(1), 1824(c)(1). The order must also set forth the period of time during which the electronic surveillance or physical searches are approved, which is generally ninety days or until the objective of the electronic surveillance or physical search has been achieved. *See* 50 U.S.C. §§ 1805(e)(1), 1824(d)(1). Applications for a renewal of the order must generally be made upon the same basis as the original application and require the same findings by the FISC. 50 U.S.C. §§ 1805(e)(2), 1824(d)(2).

The current version of FISA requires that "a significant purpose" of the surveillance or search is to obtain foreign intelligence information. 50 U.S.C. §§ 1804(a)(7)(B), 1823(a)(7)(B) (2006). However, FISA allows the use of evidence derived from FISA surveillance and searches in criminal prosecutions. 50 U.S.C. §§ 1806(a), 1825(a). Here, the government provided notice, as required by FISA, of its intent to use evidence obtained and derived from electronic surveillance and physical searches pursuant to FISA orders.

FISA authorizes an "aggrieved person" to seek suppression of any evidence derived from FISA surveillance or searches either because (1) the evidence was unlawfully acquired, or (2) the electronic surveillance or physical search was not conducted in conformity with the order of authorization or approval. 50 U.S.C. §§ 1806(e), 1825(f). An "aggrieved person" for purposes of

electronic surveillance is "a person who is the target of an electronic surveillance." 50 U.S.C. § 1801(k). For physical searches, FISA defines "aggrieved person" as "a person whose premises, property, information, or material is the target of physical search or any other person whose premises, property, information, or material was subject to physical search." 50 U.S.C. § 1821.

**Discussion**

Daoud moves for disclosure of the FISA application and materials and also moves to suppress the fruits of electronic surveillance pursuant to FISA or any other foreign intelligence information gathering. Daoud requests that this Court review all applications for electronic surveillance of the defendant pursuant to FISA; to order the disclosure of the applications for the FISA warrants to defendants' counsel pursuant to an appropriate protective order; conduct an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); suppress all FISA intercepts and seizures, and fruits thereof, derived from illegally authorized or implemented FISA electronic surveillance; and consider the constitutionality of FISA both facially and as applied to defendant under the First and Fourth Amendment of the United States Constitution. For the reasons stated below, the motion is granted in part and denied in part.

Attorney General Eric H. Holder, Jr., filed an affidavit stating under oath that disclosure of such materials would harm national security. *See* 50 U.S.C. §§ 1806(f), 1825(g). Attorney General Holder's claim of privilege is supported by a classified declaration from an FBI official. Pursuant to FISA, the filing of an Attorney General affidavit triggers an *in camera*, *ex parte* procedure to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted. 50 U.S.C. §§ 1806(f), 1825(g).

Once the *in camera, ex parte* procedure is triggered, the reviewing court may disclose such materials "only where such disclosure is necessary to make an accurate determination of the

legality of the surveillance." 50 U.S.C. § 1806(f); *see also* 50 U.S.C. § 1825(g). The Seventh Circuit has previously reviewed *de novo* the probable cause determination of the FISC, *United States v. Dumeisi*, 424 F.3d 526, 578 (7th Cir. 2005), and therefore this Court rejects the government's request for deferential review. The factual averments and certifications used to support the government's FISA warrant application are reviewed for clear error. *United States v. Rosen*, 447 F.Supp.2d 538, 546 (D.Va. 2006).

Here, counsel for defendant Daoud has stated on the record that he has top secret SCI (sensitive compartmented information) clearance. Assuming that counsel's clearances are still valid and have not expired, top secret SCI clearance would allow him to examine the classified FISA application material, if he were in the position of the Court or the prosecution. Furthermore, the government had no meaningful response to the argument by defense counsel that the supposed national security interest at stake is not implicated where defense counsel has the necessary security clearances. The government's only response at oral argument was that it has never been done. That response is unpersuasive where it is the government's claim of privilege to preserve national security that triggered this proceeding. Without a more adequate response to the question of how disclosure of materials to cleared defense counsel pursuant to protective order jeopardizes national security, this Court believes that the probable value of disclosure and the risk of nondisclosure outweigh the potential danger of disclosure to cleared counsel. Upon a showing by counsel, that his clearance is still valid, this Court will allow disclosure of the FISA application materials subject to a protective order consistent with procedures already in place to review classified materials by the court and cleared government counsel.

While this Court is mindful of the fact that no court has ever allowed disclosure of FISA materials to the defense, in this case, the Court finds that the disclosure may be necessary. This finding is not made lightly, and follows a thorough and careful review of the FISA application and related materials. The Court finds however that an accurate determination of the legality of the surveillance is best made in this case as part of an adversarial proceeding. The adversarial process is the bedrock of effective assistance of counsel protected by the Sixth Amendment. *Anders v. California*, 386 U.S. 738, 743 (1967). Indeed, though this Court is capable of making such a determination, the adversarial process is integral to safeguarding the rights of all citizens, including those charged with a crime. "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984).

In sum, this Court grants disclosure to cleared defense counsel of the FISA application materials and such disclosure will be made under an appropriate protective order. By this Order, this Court does not express any opinion with respect to the constitutionality of FISA or its procedures. Nor has this Court lost sight of the potential Classified Information Procedures Act ("CIPA") issues that may be implicated by this disclosure, and resolution of those issues may result in the redaction of certain portions of the material. Lastly, this Court denies Daoud's request to suppress all fruits of FISA surveillance without prejudice. Counsel for Daoud must present to the Court documentation of current valid security clearances at or before the next status hearing on February 6, 2014.

IT IS SO ORDERED.

Date: January 29, 2014

Entered: _____

United States District Judge

5