UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-60298-CR-SCOLA

**UNITED STATES OF AMERICA,**

 **Plaintiff,**
vs.

**RAEES ALAM QAZI,**

 **Defendant.**
_____/

**DEFENDANT RAEES QAZI'S MOTION TO SUPPRESS
ANY WRITTEN OR ORAL ADMISSION OR CONFESSION**

 Defendant Raees Alam Qazi, through undersigned counsel, respectfully files this Motion to Suppress Evidence, and hereby requests that this Court schedule a formal evidentiary hearing to determine the voluntariness of any statement Mr. Qazi may have made to agents of the Federal Bureau of Investigation on November 29, 2012.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Mr. Qazi's statements were involuntarily given, and their use by the government would be in derogation of his Fifth Amendment right against self-incrimination.**

 The Fifth Amendment of the United States Constitution provides in relevant parts that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *U.S. Const. Amend. V*. The right against self-incrimination is the constitutional basis for the requirement that confessions must be voluntary in order to be admitted into evidence at trial. *Dickerson v. United States*, 530 U.S. 428, 433 (2000). In determining whether a statement was voluntary, courts must consider whether, given the totality of the circumstances, the confession

was a product of a rational intellect and free will. *Townsend v. Saine*, 372 U.S. 293, 307-08 (1963). *See also Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973). A statement is not voluntary if it is obtained by any direct or implied promises, however slight. *United States v. Mercer*, 541 F.3d 1070, 1075 (11th Cir. 2008); *Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 1493 (1964); *Bram v. United States*, 168 U.S. 532 (1897). Coercion can be mental as well as physical, and "the efficiency of the rack and the thumbscrew can be matched, given the proper subject, by more sophisticated modes of persuasion." *Blackburn v. State of Alabama*, 361 U.S. 199, 206. *See also United States v. Tingle*, 658 F.2d 1332, 1334 (9th Cir. 1981) ("subtle psychological coercion suffices at well, and at times more effectively, to overbear a rational intellect and a free will"). The government must prove that a confession is voluntary by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

Mr. Qazi alleges that in the course of his custodial interrogation on November 29, 2012, agents of the Federal Bureau of Investigation coerced him into confessing by showing him a picture of his family and threatening to prosecute them if he did not sign a statement. Where the police induce an admission by threatening to prosecute a third party, the confession is involuntary if the police did not have probable cause to believe that the third party had committed a crime. *See Martin v. Kemp*, 760 F.2d 1244, 1247-48 (11th Cir. 1985). *See also Rogers v. Richmond*, 365 U.S. 534 (1961) (suppressing a confession due to a false threat to arrest defendant's ailing wife). The burden is on the defense to show that at the time of the threat, the police did not "observe a high standard of good faith based on probable cause to believe that the third party had committed a crime". *Kemp*, 760 F.2d at 1247.

Here, the FBI had no probable cause to issue a threat to arrest Mr. Qazi's family, insofar as the threat included family members outside the scope of the investigation, and indeed, there

was no evidence to implicate any individual other than his brother and co-defendant, Sheheryar Qazi.

**II.     Mr. Qazi has a constitutional right to a fair hearing and an independent and reliable determination of the voluntariness of his confession.**

As the Supreme Court held in *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964), an evidentiary hearing is constitutionally mandated for a defendant who timely argues that his confession is inadmissible because it was not voluntarily given.

WHEREFORE, Mr. Raees Qazi respectfully requests that this Court hold a hearing to determine the voluntariness of his statements and, thereafter, grant this Motion and enter an order suppressing any and all evidence obtained as a result of his custodial interrogation on November 29, 2012.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: s/ Daniel L. Ecarius
    Daniel L. Ecarius
    Supervisory Assistant Federal Public Defender
    Florida Bar No. 719765
    150 W. Flagler Street, Suite 1700
    Miami, Florida 33130-1556
    (305) 530-7000
    Fax: (305) 536-4559
    Email: daniel_ecarius@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     s/ Daniel L. Ecarius
                                                       Daniel L. Ecarius