UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-CR-SCOLA/O'SULLIVAN

UNITED STATES OF AMERICA

v.

RAEES ALAM QAZI
and SHEHERYAR ALAM QAZI,

      **Defendants.**
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT RAEES ALAM QAZI's MOTION TO SUPPRESS ANY WRITTEN OR ORAL ADMISSION OR CONFESSION

      The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files its Response to Defendant Raees Alam Qazi's ("Qazi's") Motion to Suppress Any Written Or Oral Admission Or Confession (DE 166).  Qazi's post-arrest, Mirandized statements were freely, intelligently, and voluntarily provided to two Federal Bureau of Investigation ("FBI") case agents, neither of whom threatened to prosecute any members of Qazi's family.  As a consequence, Qazi's Motion to Suppress must be denied.

      The Due Process Clause prevents the government's use of involuntary confessions. Miller v. Fenton, 474 U.S. 104, 109 (1985).  The focus of the fact-specific voluntariness inquiry is whether the confession was obtained through coercive means.  United States v. Thompson, 422 F.3d 1285, 1295 (11th Cir. 2000).  A statement is not voluntary if, for example, it is obtained by direct or implied promises, however slight; if it is obtained after subjecting the accused to an exhaustingly long interrogation; or if it is obtained after the application of, or the threat of, physical force.  United States v. Mercer, 541 F.3d 1070, 1075 (11th Cir. 2008); United Sates v.

Mendoza-Cecelia, 963 F.2d 1467, 1467 (11th Cir. 1992), abrogated on other grounds.  The court must consider the totality of the circumstances in determining whether the police conduct was "causally related" to the confession.  Mendoza-Cecelia, 963 F.2d at 1467.  If the court concludes that the police engaged in coercive conduct, the inquiry shifts to determining whether the police conduct was "such as to overbear the [defendant's] will to resist and bring about confessions not freely self-determined."  Rogers v. Richmond, 365 U.S. 534, 544 (1961).

In his motion, Qazi claims that the agents coerced him into confessing by showing him a picture of his family and threatening to prosecute them if he did not sign a statement.  DE 166 at 2.  A threat to charge a third party for whom the police do not have probable cause to charge can render a confession inadmissible.  Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001).  However, "whether a threat to prosecute a third party was coercive depends upon whether the state had probable cause to believe that the third party had committed a crime at the time that the threat was made."  Id., citing Martin v. Kemp, 760 F.2d 1244, 1248-49 (11th Cir. 1985).  The burden is on the defense to show that that at the time of the arrest, the police did not "observe a high standard of good faith based on probable cause to believe that the third party had committed a crime." Id. at 1248.  Where a police officer does have valid probable cause to arrest the third party, then a threat to arrest the third party does not in and of itself constitute coercion.  Newland v. Hall, 527 F.3d 1162, 1189 (11th Cir. 2008) (as police had probable cause to charge third party, no coercion where police told defendant what would happen to third party if defendant refused to confess); Thompson v. Haley, 255 F.3d at 1297 (no police coercion when police told accused that girlfriend would be charged unless accused confessed since officer had probable cause to arrest girlfriend); see also Allen v. McCotter, 804 F.2d 1362 (5th Cir. 1986) (confession not

2

coerced by representation that police would not charge accused's wife if accused confessed since police had probable cause to arrest wife at time police made alleged threat).

In this case, the special agents did not elicit Qazi's post-arrest confessions by threatening to arrest any of Qazi's family members. While they did show him a photograph containing a number of Qazi's family members, the only individual they mentioned was his brother Sheheryar, who the defense concedes in the Motion was implicated in the investigation. DE 166 at 2-3. They did not threaten Qazi with the arrest or prosecution of Sheheryar or any other family member. Even assuming, for the sake of argument, the case agents had threatened Qazi with arresting or prosecuting Sheheryar, such threats could not have resulted in an involuntary confession under Eleventh Circuit caselaw. Sheheryar was indicted along with Qazi the day after their arrests, so the special agents had probable cause to arrest Sheheryar at the time they made the "threat," and the "threat" was therefore not coercive. See Thompson v. Haley, 255 F.3d at 1297; Newland v. Hall, 527 F.3d at 1189. Second, even assuming, for the sake of argument, that the special agents did not have probable cause to arrest Sheheryar at the time of the "threat," Qazi still could not demonstrate that his confession was coerced by the "threat." Even after the special agents showed Qazi the photograph of Sheheryar, Qazi still refused to admit his criminal conduct. It was not until Qazi was confronted with statements that Sheheryar had made about Qazi's attack plans that Qazi confessed that he was, in fact, planning an attack. Under these facts, it is clear that whatever effect the agent's "threats" had on Qazi, they did not "overbear [his] will to resist and bring about confessions not freely self-determined." See Rogers v. Richmond, 365 U.S. 534, 544 (1961).

After this Court conducts an evidentiary hearing, the Court should conclude that the

special agents did not coerce a confession from Qazi and deny Qazi's motion in its entirety.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

By: /s/ Karen E. Gilbert
    Karen E. Gilbert
    Assistant U.S. Attorney
    Fla. Bar No. 771007
    99 N.E. 4th Street, Suite 800
    Miami, Florida 33132-2111
    Telephone Number (305) 961-9161
    Fax Number (305) 536-4675

    /s/ Adam S. Fels
    Adam S. Fels
    Assistant U.S. Attorney
    Court Identification No. A0551040
    99 N.E. 4th Street, Suite 800
    Miami, Florida 33132-2111
    Telephone Number (305) 961-9325
    Fax Number (305) 536-4675

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

          /s/ Karen E. Gilbert
          Karen E. Gilbert