UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60298-CR-BLOOM/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAEES ALAM QAZI a/k/a "Shan," and
SHEHERYAR ALAM QAZI,

    Defendants.
                                                               /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant's Motion to Prohibit the Government from Introducing into Evidence Statements Obtained in Violation of the Marital Confidential Communications Privilege (DE# 43, 4/5/13).  The Government filed the Government's Response to Defendant Sheheryar Alam Qazi's Motion to Prohibit the Government from Introducing into Evidence Statements Obtained in Violation of the Marital Confidential Communications Privilege (DE# 260, 10/30/14).  The defendant Sheheryar Qazi did not file a reply.  Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the motion was referred to the undersigned by the Honorable Beth Bloom (DE# 262, 11/25/14).

BACKGROUND

The defendants, Sheheryar Alam Qazi and Raees Alam Qazi[1], are charged with conspiracy to provide material support to terrorists in violation of Title 18 United States Code 2339A(a) and conspiring to use a weapon of mass destruction in violation of Title

---

[1] Because the defendants are brothers and have the same last name, the undersigned will refer to Sheheryar Alam Qazi as Sheheryar and Raees Alam Qazi as Raees throughout this Report and Recommendation.

18 United States Code Section 2332a(a).  Sheheryar's motion requests the Court to not allow three conversations between Sheheryar and his wife into evidence at trial. Sheheryar alleges that the conversations are protected by the marital confidential communications privilege.

## FACTS

Sheheryar and his wife had several conversations during the alleged conspiracy that the government intends to introduce at trial against Sheheryar and his brother defendant Raees.  The first conversation occurred on August 29, 2012.  During this conversation, Sheheryar and his wife discussed their finances and the need for Raees to get a job to help out with expenses.  In this conversation, the wife states that he (Raees) is "going to Jihad."  On September 6, 2012, Sheheryar's wife had a conversation with her parents.  During the conversation her father stated that Raees "is a Talib and does fund-raising here. He is Taliban from Afghanistan."

The second conversation occurred on September 7, 2012.  During this conversation, Sheheryar and his wife discussed a letter that Raees had shown to Sheheryar regarding Usama Bin Laden.

The third conversation occurred on September 10, 2012. During this conversation, Sheheryar told his wife that she should not tell his mother about Raees because Sheheryar felt sorry for Raees and that Raees was "fed up with the world" and "is like a guest in this world."  In a later conversation on September 24, 2012 between Sheheryar and a friend, Sheheryar describes helping Raees financially and states "I am doing this for Allah."

While Raees lived with Sheheryar and his wife, Sheheryar's wife provided for him and allowed Raees to conduct research and develop his plans for terrorist acts.

Sheheryar's wife concealed Raees' whereabouts when he left for New York to select his target.

## DISCUSSION

Information privately discussed between spouses in the confidence of the marital relationship are privileged as confidential marital communications.  United States v. Trammel, 445 U.S. 40, 51 (1980).  The privilege does not apply to conversations between spouses about crimes in which they are jointly participating.  United States v. Abram, 171 Fed. App'x 304, 310 (11th Cir. 2006) (citing United States v. Entrekin, 624 F.2d 597, 598 (5th Cir. 1980)[2].  The conversations discussed in the fact section of this Report clearly demonstrate that Sheheryar's wife knew of Raees' illegal conduct.  She assisted him in preparing for his alleged violent acts by providing him a place to stay and concealed his activities from others when he left for New York.  Sheheryar's wife aided and abetted in the crimes for which Sheheryar and Raees have been charged and is an unindicted co-conspirator in those crimes.  The conversations described above between Sheheryar and his wife relating to the activities of Raees during the conspiracy are not protected by the marital confidential communications privilege and the government should not be prohibited from introducing those statements at trial.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the Defendant's Motion to Prohibit the Government from Introducing into Evidence

---

[2]In Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Statements Obtained in Violation of the Marital Confidential Communications Privilege (DE# 43, 4/5/13) be DENIED.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Judge Bloom**, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this **15th** day of December, 2014.

                                                                           _____
                                                                           JOHN J. O'SULLIVAN
                                                                           UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Bloom
All counsel of record