UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-cr-BLOOM/O'SULLIVAN(s)

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and RAEES ALAM QAZI (the "defendant") enter into the following agreement, which is expressly contingent on this Office's entering into a plea agreement with the co-defendant, Sheheryar Alam Qazi:

1. The defendant agrees to plead guilty to Counts 2, 5 and 6 of the Superseding Indictment, which charge the defendant with conspiring to provide material support to terrorists, in violation of Title 18, United States Code, Section 2339A(a), with attempting to provide material support to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B, and with conspiring to forcibly assault a federal employee, in violation of Title 18, United States Code, Section 371, respectively.

2. This Office agrees to seek dismissal of counts 1, 3, 4, 7 and 9 of the Superseding Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

1

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose: (1) a statutory maximum term of imprisonment of up to fifteen (15) years' imprisonment for Count 2, followed by a term of supervised release of up to life; (2) a statutory maximum term of imprisonment of up to fifteen (15) years' imprisonment for Count 5, followed by a term of supervised release of up to life; and (3) a statutory maximum term of imprisonment of up to five (5) years for Count 6, followed by a term of supervised release of up to three (3) years. In

addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 for each count.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $300.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept the sentencing recommendation made jointly by the defendant and this Office.

8. This Office and the defendant agree that, pursuant to United States Sentencing Guideline § 3A1.4, the offense alleged in Counts 2 and 5 of the Superseding Indictment is a felony that involved a federal crime of terrorism. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the upward adjustment described in U.S.S.G. § 3A1.4 should apply to the calculation of Defendant's advisory guideline sentence for Counts 2 and 5 of the Superseding Indictment.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court sentence the defendant to a 180-month term of imprisonment as to Count 2, to be followed by a five (5) year term of supervised release. The Office and the defendant further agree that they will jointly recommend that the Court sentence the defendant to a 180-month term of imprisonment as to Count 5, to run consecutively to the sentence imposed on Count 2. The Office and the defendant further agree that they will jointly recommend that the Court sentence the defendant to a 24-month term of imprisonment as to Count 6, to run consecutively to the sentences imposed on Counts 2 and 5.

10. This Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph 1, above. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information

and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order in addition to the discovery already turned over to the defendant. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3-12-15

_____
KAREN E. GILBERT
ASSISTANT UNITED STATES ATTORNEY

Date: 3-12-15

_____
ADAM S. FELS
ASSISTANT UNITED STATES ATTORNEY

Date: 3/12/15

_____
DANIEL ECARIUS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 3-12-15

_____
RAEES ALAM QAZI
DEFENDANT

5