**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-cr-60298-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RAEES ALAM QAZI,

      Defendant.

_____/

**ORDER ON EMERGENCY MOTION FOR COMPASSIONATE RELEASE**
**AND MOTION FOR APPOINTMENT OF COUNSEL**

**THIS CAUSE** is before the Court upon the Defendant's Emergency Urgent Motion for Compassionate Release, ECF No. [319] ("Compassionate Release Motion"), and Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A, ECF No. [320] ("Counsel Motion") (together, the "Motions"). The Court has carefully considered the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

**I.    Compassionate Release**

In the Compassionate Release Motion, Defendant requests relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction . . . .
    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled

to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain
> whether he "has fully exhausted all administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has
> been a] lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the
> Court should "consider[] the factors set forth in section 3553(a) to the extent that
> they are applicable." *Id. Third*, the Court should turn to the "extraordinary and
> compelling reasons" test . . . . And *fourth*, the Court should determine whether the
> defendant poses a "danger to the safety of any other person or to the community,
> as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must:

(1) find that Defendant has exhausted his administrative remedies with the Bureau of Prisons

("BOP"); (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling

reasons warrant compassionate release in this case; and (4) determine that Defendant is not a

danger to the community. Moreover, Defendant bears the burden of establishing that

compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir.

2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing

that" compassionate release is warranted, but that, even where a defendant satisfies this burden,

"the district court still retains discretion to determine whether a sentence reduction is warranted").

Here, Defendant has failed to establish that he exhausted his administrative remedies with

the BOP prior to filing the Compassionate Release Motion. Defendant's Compassionate Release Motion therefore fails on the first step of the § 3582 analysis. Although there is substantial disagreement among federal courts across the nation on whether § 3582(c)(1)(A)'s exhaustion requirement can be waived in exceptional circumstances,[1] the Court declines to address the waiver issue under the facts of the instant case. "Even if some courts have recognized that waiver may be available . . . in exigent circumstances, no such case . . . has involved an inmate seeking compassionate relief without at least submitting a request . . . to the BOP prior to, or in conjunction with, his or her application to the court." *United States v. Vigna*, 455 S. Supp. 3d 68, 74-75 (S.D.N.Y. 2020).[2] For this reason alone, Defendant's Motion is due to be denied.

---

[1] *See United States v. Bess*, 455 F. Supp. 3d 53, 58 (W.D.N.Y. 2020) ("[T]here is widespread disagreement about whether any exceptions may apply. Some courts have found that they independently may excuse a defendant's failure to exhaust, while others have found that only the government may forfeit or waive the requirement."); *see also United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, at *5-6 (W.D.N.Y. Apr. 24, 2020) (collecting cases); *United States v. Otero*, No. 17CR879-JAH, 2020 WL 1912216, at *4 (S.D. Cal. Apr. 20, 2020) (collecting cases); *United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (collecting cases); *United States v. Feiling*, 453 F. Supp. 3d 832, 838 (E.D. Va. 2020) (collecting cases); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (collecting cases); *United States v. Alam*, 453 F. Supp. 3d 1041, 1044 (E.D. Mich. 2020) (collecting cases); *United States v. Woodson*, 452 F. Supp. 3d 31, 35 (S.D.N.Y. 2020) (collecting cases).

[2] Indeed, courts across the country have repeatedly denied motions for compassionate release where the defendant has failed to also submit a request to the BOP. *See United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *3 (N.D. Ala. Apr. 22, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *1 (S.D. Ala. Apr. 7, 2020) ("Hays did not provide the Court with any evidence that she exhausted her administrative remedies with the BOP or that she made a request for compassionate release to the Warden before she filed her motion in this Court. Since Hays failed to comply with either of the two statutory requirements, the Court finds that she has not met the necessary prerequisites for consideration of her motion."); *United States v. Zywotko*, ---F. Supp. 3d ----, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020); *United States v. Solis*, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.); *United States v. Bonventre*, No. 10-CR-228-LTS, 2020 WL 1862638, at *3 (S.D.N.Y. Apr. 14, 2020) ("Here, the relief Mr. Bonventre seeks affords no respect whatsoever for the administrative process. He does not ask the Court to direct the BOP to reopen his claims (his claims were never opened). Instead, he asks the Court to bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP. Therefore, the Court concludes that Bowen does not support Defendant's argument that his failure to exhaust should be excused based on the COVID-19 crisis alone."); *United States*

## II.    Appointment of Counsel

In the Counsel Motion, Defendant requests the appointment of counsel for "investigative purposes" and to help him file for compassionate release. *See* ECF No. [320] at 1-2. However, it is well settled that 18 U.S.C. § 3006A(c) does not provide a statutory right to counsel for a § 3582(c) motion, nor is there a constitutional right to counsel for this type of proceeding. *United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (concluding that the right to counsel does not extend to proceedings under 18 U.S.C. § 3582(c)(1) (citing *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009))); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal as of right, and no further."). As such, "the decision to appoint an attorney is left to the discretion of the district court." *Webb*, 565 F.3d at 795. The Court may appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2); *Cain*, 827 F. App'x at 921-22. In this case, there is no indication that the Constitution, statutory authority, or the interests of justice support the appointment of counsel.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motions, **ECF Nos. [319], [320]**, are **DENIED**.

---

*v. Engleson*, No. 13-CR-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("Defendant has not, to the Court's knowledge, made a request to the warden of his facility to bring such a motion. Accordingly, the statutory requirement is not met, and the Court may not grant relief under this provision."); *Woodson*, 452 F. Supp. 3d at 34-35 (concluding that because § 3582(c)(1)(A)'s requirement is statutory, not judicial, district courts may not "waive" exhaustion in the present context; *United States v. Carver*, 451 F. Supp. 3d 1198, 1199 (E.D. Wash. 2020) ("The administrative exhaustion requirement admits of no exception. Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement. Nor does Defendant identify an alternative basis on which the Court could grant early release." (citation omitted) (footnote omitted)).

Case No. 12-cr-60298-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Raees Alam Qazi, *pro se*
01223-104
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263